428 So.2d 256 (1982)
The MAGNOLIAS NURSING AND CONVALESCENT CENTER, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, OFFICE OF LICENSURE AND CERTIFICATION, Appellee.
No. AK-284.
District Court of Appeal of Florida, First District.
August 25, 1982.
L. Howard Bennett, for appellant.
Jon W. Searcy, Dept. of Health and Rehabilitative Services, Pensacola, for appellee.
PER CURIAM.
L. Howard Bennett, who admittedly is not licensed to practice law in the State of Florida,[1] filed in this court a notice of appeal in behalf of The Magnolias Nursing *257 and Convalescent Center, a corporation.[2] The Department has filed a motion to strike the appeal on the grounds that since a corporation cannot represent itself and must have a licensed Florida attorney representing it in court, the notice of appeal in behalf of the corporation signed by a non-admitted attorney cannot confer jurisdiction upon this court. We deny the motion.
It is well-settled in this state that although an individual may represent himself in court without necessity of employing an attorney, a corporation is not permitted to do so, and a pleading signed in the corporate name by one of its agents or officials is a nullity, and must be disregarded. Nicholson Supply Co. v. First Federal Savings and Loan Association of Hardee County, 184 So.2d 438 (Fla. 2nd DCA 1966); Quinn v. Housing Authority of Orlando, 385 So.2d 1167 (Fla. 5th DCA 1980). The rule is otherwise, however, with respect to administrative proceedings before agencies subject to Chapter 120, Administrative Procedure Act. Section 120.62(2), Florida Statutes, provides:
(2) Any person compelled to appear, or who appears voluntarily, before any hearing officer or agency in an investigation or in any agency proceeding has the right, at his own expense, to be accompanied, represented, and advised by counsel or by other qualified representatives.
Section 1.01(3), the "Definitions" applicable in construing the Florida Statutes,[3] provides:
(3) The word "person" includes individuals, children, firms, associations, joint adventurers, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations. (emphasis supplied)
Considering the two statutory provisions in pari materia, it is clear that self-representation by corporations is permissible in administrative proceedings. The same strictures imposed upon the practice of law in the courts (see Rule 9.440, Florida Rules of Appellate Procedure, and Rule 2.060(b)(d), Florida Rules of Judicial Administration, discussed supra, footnote 1), therefore do not apply to the filing of pleadings and papers under the Administrative Procedure Act. It would appear that the only legitimate inquiry to be made in connection with Bennett's appearances in the administrative proceeding would be with respect to his "authority" to act for the corporation, not whether he was a "qualified" lay representative under the statute. Cf. The Florida Bar v. Moses, 380 So.2d 412 (Fla. 1980). Bennett's authority to act for the corporation in the administrative proceedings has not been challenged by the Department's motion.
We are unable to accept the Department's contention that the filing in this court of a notice of appeal signed by a non-admitted attorney, to review agency action, has the jurisdictional significance urged by the Department. We reach this conclusion based upon our decision in Frank Edelen Buick Company v. Calvin, 389 So.2d 649 (Fla. 1st DCA 1980), that under Rules 9.110(b) and (c), Florida Rules of Appellate Procedure, if the notice of appeal from final agency action is timely filed either with the agency or with the appropriate appellate court, jurisdiction vests in the appellate court. Jurisdiction in this case is therefore not dependent upon the notice being filed in this court, since the file reflects that the notice of appeal was timely filed.
We note further that the Third District in Great Southern Trucking Company v. Standard Wholesale Grocery, 110 So.2d 507 (Fla. 3rd DCA 1959), interpreted former Rule 2.3(b), Florida Appellate Rules (the forerunner of Rule 9.440), as subjecting to dismissal a notice of appeal filed in behalf of a corporation by a non-admitted attorney, unless within a period of time fixed by the court local counsel appeared as attorney, or unless the out-of-state attorney moved for an order *258 permitting representation in the case. The Third District obviously did not consider the notice of appeal as jurisdictionally deficient, and we will adopt the same view.
Accordingly, we order that the motion to dismiss is denied, but appellant's attorney shall comply with Rule 9.440 within fifteen days from the date of this order, or have Florida counsel appear in this cause in behalf of the appellant. Otherwise, this appeal shall be subject to dismissal by the court, sua sponte, without further notice.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and WENTWORTH, JJ., concur.
NOTES
[1] Bennett represents to the court that he is a licensed attorney in the State of Minnesota, licensed by the Minnesota Supreme Court, license number 6701, which does not expire until January 1, 1983. His appearance in this court is governed, however, by Rule 9.440, Florida Rules of Appellate Procedure, requiring the granting by this court of a motion to appear in this case, and by Rule 2.060(b), Rules of Judicial Administration, providing that upon motion showing that an attorney is a member in good standing of the Bar of another state, such attorney may be permitted to appear in a particular case in a Florida court. The rule further provides that a request for appearance shall be submitted before oral argument in the appellate court proceeding. Subsection (d) of the same rule provides that every pleading and other paper of a party represented by attorney shall be signed by at least one attorney of record who shall be duly licensed to practice law in Florida, or who shall have received permission to appear in the particular case as provided in subsection (b). Neither of these rules has been complied with in this proceeding.
[2] Bennett also represents to the court that he and his wife, Marian Clae Bennett, are the sole owners of 100% of the capital stock of the corporation.
[3] The Section 1.01(3) definition of "person" applies to the Administrative Procedure Act. Section 120.52(11).