505 So.2d 1319 (1987)
THE FLORIDA BAR, Complainant,
v.
William K. MICKENS, Jr., etc., Respondent.
No. 67687.
Supreme Court of Florida.
March 19, 1987.
Rehearing Denied May 21, 1987.
Joseph J. Reiter, President, West Palm Beach, Ray Ferrero, Jr., President-elect, Fort Lauderdale, John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, James P. Hahn, Chairman, Standing Committee on Unauthorized Practice of Law, Lakeland, and Mary Ellen Bateman, UPL Counsel, Tallahassee, for The Florida Bar, complainant.
Charles A. Gould, Jr., Miami Beach, for respondent.
*1320 PER CURIAM.
This unauthorized practice of law proceeding concerns a nonlawyer tenant eviction service and is before us on The Florida Bar's complaint and the referee's report. We have jurisdiction. Art. V, § 15, Fla. Const.
On March 16, 1983, The Florida Bar charged respondent with engaging in unauthorized practice of law by preparing legal documents in eviction proceedings involving commercial and residential landlords. As a consequence of the complaint, The Florida Bar and the respondent entered into a stipulation for settlement, in which respondent admitted actions forming the complaint's basis and agreed to refrain from engaging in unauthorized practice of law. On March 7, 1985, this Court approved the stipulation for settlement and permanently enjoined respondent from practice of law. The Florida Bar v. Mickens, 465 So.2d 524 (Fla. 1985).
On September 24, 1985, The Florida Bar petitioned this Court, charging respondent with unauthorized practice of law and contempt of the March 7 order. After a hearing, the referee found that respondent, on June 10, 1985, received $170 from a landlord to file residential tenant eviction proceedings. Respondent filed these proceedings as president of Evictors of Florida, Inc. The referee further found:
Chapter 83 restricts the role of a landlord's non-attorney agent in eviction actions exclusively to non-residential tenancies. In non-residential tenancies, Part I of the chapter permits the non-attorney agent to file the initial complaint for distress of rent or tenant eviction. In contrast, residential tenancies are governed by Part II of the chapter, which states that only the landlord may file a complaint for eviction. Because Part II does not reference the provision in Part I for filing eviction or distress of rent actions and only addresses actions filed by the landlord, § 83.59(2), Florida Statutes, may be construed as excluding non-attorney agents from filing on behalf of a residential landlord.
Further, in matters regarding tenant eviction actions, a landlord's non-attorney agent may not: (1) counsel the landlord about legal matters regarding tenant eviction actions, (2) appear in court or in any proceeding which is part of the tenant-eviction judicial process, or (3) type or print information on tenant eviction forms unless the landlord gives such information to its non-attorney agent in writing.
The referee concluded:
1.... [T]hat respondent, William K. Mickens, Jr., be found to have engaged in the unauthorized practice of law in contempt of the Supreme Court's order of March 7, 1986.
2. That respondent be permanently restrained and enjoined from presenting himself as, or from using any accolation which expressly or impliedly suggests that he is, licensed to engage in the practice of law in the State of Florida.
3. That respondent be permanently restrained and enjoined from conducting the following activities which constitute the unauthorized practice of law:
A. Filing the initial complaints for residential landlords;
B. Counseling landlords about legal matters regarding tenant eviction actions;
C. Typing or printing information on the tenant eviction forms set forth in the petition where the landlord orally communicates such information to the respondent;
D. Appearing in court or in any judicial proceeding which is part of the tenant eviction process.
4. For the reasons that respondent has previously been found to have engaged in the unauthorized practice of law; that respondent offered no testimony in his defense in the instant proceeding; and further, that when given an opportunity to present a statement in mitigation of the sentence to be imposed, not only did respondent show no remorse but instead indicated that he would continue *1321 to engage in the unauthorized practice of law, it is recommended that respondent be incarcerated in the Dade County Jail for a period of 20 days.
5. That respondent be required to pay a fine in the amount of $1,000.00.
6. That respondent be assessed the costs of this proceeding.
We approve the referee's recommended findings and discipline. We reject respondent's contention that the proposed incarceration would be unduly harsh. As reflected in the referee's findings, respondent has shown no remorse and has indicated that he will continue to engage in the unauthorized practice of law.
We restrain and enjoin the respondent, William K. Mickens, Jr., from representing, either expressly or impliedly, that he is licensed to engage in the practice of law in Florida, and from conducting the following activities: (a) filing the initial complaints for residential landlords; (b) counseling landlords about legal matters regarding tenant eviction actions; (c) typing or printing information on the tenant eviction forms set forth in the petition where the landlord orally communicates such information to the respondent; and (d) appearing in court or in any judicial proceeding which is part of the tenant eviction process.
We direct that respondent, William K. Mickens, Jr., be immediately taken into custody and incarcerated in the Dade County jail for a period of twenty days. We further direct that he forthwith pay a fine of $1,000.00 to the Clerk of the Florida Supreme Court.
Judgment for the costs in these proceedings in the amount of $536.24 is hereby entered against respondent, for which let execution issue.
It is so ordered.
OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, C.J., concurs in the referee's findings and imposition of a fine of $1,000.00, but dissents from the provision requiring incarceration.