PER CURIAM.
The Florida Bar has petitioned this Court to amend chapter 10 of the Rules Regulating The Florida Bar regarding the unlicensed practice of law. The proposed amendments redefine the unlicensed prac *597 tice of law and move that definition to another location within chapter 10. The bar submits that the new definition will be beneficial by providing better access to the courts while continuing to protect the public from persons not competent to give legal advice.
Comments to the proposed amendment have been filed by an attorney representing a class of plaintiffs who wish to dissolve their marriages but who cannot afford a lawyer, who are ineligible for legal aid, who cannot currently be assisted by clerks of court, and who are unable to prepare the required papers by themselves. These comments propose alternative language for the second full sentence of the bar’s amendment and ask that this Court clarify that nonlawyers may tell individuals, for example, the number of copies to be filed, the amount of filing fees, the proper method of payment, the time period before a hearing will be scheduled, and other matters of a routine administrative nature necessary to assure that the matter goes forward. At oral argument the bar’s representative stated that the bar has no objections to these, comments and suggestions.
After considering this matter, we adopt the bar’s proposal, as amended by the comments we have received. We also hold that nonlawyers can give information regarding routine administrative matters. Therefore, rule 10-l.l(b) is added, to read as follows, paragraphs (b) through (d) of rule 10-1.1 are renumbered as paragraphs (c) through (e), and rule 10-7.1(a)(5) is deleted, effective immediately.

(b) Definition of UPL. The unlicensed practice of law, as prohibited by statute, court rule, and case law of the State of Florida. For purposes of this chapter, it shall not constitute the unlicensed practice of law for nonlawyers to engage in limited oral communications to assist individuals in the completion of legal forms approved by the Supreme Court of Florida. Oral communications by non-lawyers are restricted to those communications reasonably necessary to elicit factual information to complete the form(s) and inform the individual how to file such form(s).

It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.