PER CURIAM.
The Florida Bar petitions this Court for approval of seventeen forms pursuant to rule 10-l.l(b) of the Rules Regulating The Florida Bar. We have jurisdiction. Art. V, § 2(a), Fla. Const.
Rule 10-1.1(b) allows nonlawyers to assist in the completion of legal forms approved by this Court. Under this rule, oral communication between the nonlawyer and the person being assisted is “restricted to those communications reasonably necessary to elicit factual information to complete the form and inform the person how to file the form.” The Fla. Bar re Amendments to Rules Regulating The Fla. Bar — Chapter 10, 581 So.2d 901, 902 (Fla.1991).
Rule 10-l.l(b) was adopted to provide “better access to the courts while continuing to protect the public from persons not competent to give legal advice.” The Fla. Bar re Amendment to Rules Regulating The Fla. Bar (Chapter 10), 510 So.2d 596, 597 (Fla.1987). In furtherance of this goal, the Bar has attempted to define those areas amenable to a forms practice and to develop simplified forms for use by nonlaw-yers pursuant to rule 10-l.l(b). The forms developed by the Bar are of a fill-in-the-blank type and require nothing more than the insertion of factual information.
The seventeen forms offered for our approval are: 1) Residential Lease (For a Term Not to Exceed One Year); 2) Notice From Landlord To Tenant — Termination For Failure to Pay Rent; 3) Notice From Landlord To Tenant — Termination For Noncompliance Other Than Failure to Pay Rent; 4) Notice From Tenant To LandLord — Termination For Failure Of Landlord To Maintain Premises As Required By Florida Statute 83.51(1) Or Material Provisions Of The Rental Agreement; 5) Notice From Tenant To Landlord — Withholding Rent For Failure of Landlord To Maintain Premises As Required By Florida Statute 83.51(1) Or Material Provisions Of the Rental Agreement; 6) Complaint For Landlord To Evict Tenants For Failure To Pay Rent And To Recover Past Due Rent; 7) Complaint For Landlord To Evict Tenants For Failure To Comply With Lease (Other Than Failure To Pay Rent); 8) Summons— Eviction Claim; 9) Summons — Damages Claim; 10) Final Judgment — Damages; 11) Final Judgment — Eviction; 12) Writ of Possession; 13) Notice of Intention To Impose Claim On Security Deposit; 14) Satisfaction of Mortgage; 15) Satisfaction of Judgment-County Court; 16) Satisfaction of Judgment — Circuit Court; 17) Document For Sale of Goods.
We approve and authorize the publication of forms 2 through 17, as listed above. However, we reserve ruling on form 1, the Residential Lease (For A Term Not To Exceed One Year), pending oral argument on that proposed form, which has been scheduled for Monday, February 3, 1992.
In addition to the proposed forms, the Bar has prepared instructions for the use of landlord and tenant forms listed as 2 through 13 above, as well as an information sheet explaining possible ways to collect a judgment for unpaid rent. While we authorize the publication of the instructions and information sheet, we do not express an opinion on the legal correctness of either. Because local procedures may vary from circuit to circuit, the chief judge of each circuit is authorized to prepare supplemental directions for the use of the approved forms. Supplemental directions shall be filed with the clerk of court in the respective circuit and with the clerk of this Court.
All forms approved by this Court shall be identified as such on the face of the forms *596 which shall read: “Approved for use under rule 10-l.l(b) of the Rules Regulating The Florida Bar.” The approved forms are appended to ensure their availability for use immediately upon the filing of this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.
APPENDIX
NOTICE FROM LANDLORD TO TENANT — TERMINATION FOR FAILURE TO PAY RENT
(Tenant’s Name and Address)
Dear (_):
Tenant’s Name
You are hereby notified that you are indebted to me in the sum of $- (insert amount owed by Tenant) for the rent and use of the premises-, (insert address of leased premises, including county) Florida, now occupied by you and that I demand payment of the rent or possession of the premises within three days (excluding Saturday, Sunday and legal holidays) from the date of delivery of this notice to-wit: on or before the — day of-, 19— [insert the date which is three days from the delivery of this notice, excluding the date of delivery, Saturday, Sunday and legal holidays].
(Landlord’s Name Address Phone Number)
NOTE: This notice may be delivered by mail or by delivering a copy to the property.
This notice must be delivered, and the three day time period must run, before starting suit to evict the tenant or to recover past due rent.
SOURCE: Section 83.56(3), Florida Statutes (1990).
NOTICE FROM LANDLORD TO TENANT — TERMINATION FOR NONCOMPLIANCE OTHER THAN FAILURE TO PAY RENT
(Tenant’s Name and Address)
Dear-:
(Tenant’s Name)
You are hereby notified that yo.u are not complying with your lease in that (insert noncompliance) Demand is hereby made that you remedy the noncompliance within seven days of receipt of this notice or your lease shall be deemed terminated and you shall vacate the premises upon such termination. If this same conduct or conduct of a similar nature is repeated within twelve months, your tenancy is subject to termination without your being given an opportunity to cure the noncompliance.
*597 (Landlord’s Name Address Phone Number)
NOTE: Lease violations which entitle the landlord to send this Notice include having or permitting unauthorized pets, unauthorized guests, or unauthorized vehicles; parking in an unauthorized manner or permitting such parking; failing to keep the premises clean and sanitary; or other activities not permitted by the lease.
Under some situations, such as the tenant’s intentional destruction of property of the landlord or other tenants, the landlord may be able to terminate the lease without giving the tenant an opportunity to remedy. For the notice necessary to terminate the lease under these circumstances, see Florida Statute 83.52(2)(a).
The delivery of this written notice may be by mailing or delivery of a true copy to the premises, or, if the Tenant is absent from the premises, by leaving a copy of the notice at the premises.
This written notice must be delivered, and the seven day time period must run, prior to any termination of the lease or any lawsuit for eviction.
SOURCE: Section 83.52(2)(b), Florida Statute (1990).
NOTICE FROM TENANT TO LANDLORD — TERMINATION FOR FAILURE OF LANDLORD TO MAINTAIN PREMISES AS REQUIRED BY FLORIDA STATUTE 83.51(1) OR MATERIAL PROVISIONS OF THE RENTAL AGREEMENT
(Landlord’s Name and Address)
Re: Seven Day Notice of Noncompliance to Landlord
Dear_:
(Landlord’s Name)
This is to inform you that you are not maintaining my apartment as required by Florida Statute 83.51(1) and our lease agreement. If you do not complete the following repairs in the next seven days I will terminate the lease, move out, and hold you responsible for any damages resulting from the termination:
[list Landlord’s violations]
(Tenant’s Name Address, Unit Number Phone Number)
NOTE: Tenant should carefully review Section 83.51(1) Florida Statutes and the lease and should ensure that the violations in the notice do, in fact, exist. The tenant’s right to terminate the lease exists only after giving the notice and if the landlord fails to make the required repairs. Section 83.51(1) provides as follows:
*598 83.51 Landlord’s obligation to maintain premises.
(1) The landlord at all times during the tenancy shall:
(a) Comply with the requirements of applicable building, housing, and health codes; or
(b) Where there are no applicable building, housing, or health codes, maintain the roofs, windows, screens, doors, floors, steps, porches, exterior walls, foundations, and all other structural components in good repair and capable of resisting normal forces and loads and the plumbing in reasonable working condition. However, the landlord shall not be required to maintain a mobile home or other structure owned by the tenant.
The landlord’s obligations under this subsection may be modified by the lease in the case of a single-family home or duplex.
SOURCE: Section 83.46, Florida Statutes (1990).
NOTICE FROM TENANT TO LANDLORD — WITHHOLDING RENT FOR FAILURE OF LANDLORD TO MAINTAIN PREMISES AS REQUIRED BY FLORIDA STATUTE 83.51(1) OR MATERIAL PROVISIONS OF THE RENTAL AGREEMENT
(Landlord’s Name and Address)
Re: Seven Day Notice of Noncompliance to Landlord
Dear_:
(Landlord’s Name)
THIS IS TO INFORM YOU that you are not maintaining my apartment unit as required by Florida Statute 83.51(1) or material provisions of our lease agreement. If you do not complete the following repairs within seven days I intend to withhold all future rental payments:
[list violations]
This letter is sent to you pursuant to Florida Statute 83.56.
(Tenant’s Name Address, Unit Number Phone Number)
NOTE: A tenant cannot withhold rent from the landlord without sending the above notice and allowing the landlord time to make repairs. If the repairs are not made the tenant may withhold rent. In any legal proceeding, however, the tenant will have to pay all past due rent, and rent as it comes due during the legal proceedings, into the registry of the court. The tenant should, therefore, deposit all rent as it comes due in a separate bank account until the tenant’s disputes with the landlord have been solved. For the text of Florida Statute 83.51(1), and the grounds for withholding rent, see the note to Form 3.
SOURCE: Section 83.56, Florida Statutes (1990).
COMPLAINT FOR LANDLORD TO EVICT TENANTS FOR FAILURE TO PAY RENT AND TO RECOVER PAST DUE RENT
*599 IN THE COUNTY COURT, IN AND FOR
(insert county in which rental property is located)
COUNTY, FLORIDA
CASE NO_
(insert case number assigned by Clerk of the Court)
(Insert name of Landlord) Plaintiff, (Insert name of Tenant) Defendant.
Plaintiff, COMPLAINT FOR EVICTION AND FOR DAMAGES (insert name of Landlord) (insert name of Tenant) _, sues Defendant, and alleges:
COUNT I
Tenant Eviction
1.This is an action to evict a tenant from real property in (insert county in which the rental property is located) County, Florida.
2.Plaintiff owns the following described real property in said County: (insert legal or street description of rental property including, if applicable, unit number)
3. Defendant has possession of the property under a (oral/written) agreement to pay rent of $_ (insert rental amount) payable_ (insert terms of rental payments, i.e., weekly, monthly, etc.). A copy of the written agreement, if any, is attached as Exhibit “A.”
4. Defendant failed to pay the rent due -, 19-(insert date of payment Tenant has failed to make)
5. Plaintiff served Defendant with a notice on_, 19_, to pay (insert date of notice) the rent or deliver possession but Defendant refuses to do either. A copy of the notice is attached as Exhibit “B.”
WHEREFORE, Plaintiff demands judgment for possession of the property against Defendant.
COUNT II
Damages
6. This is an action for damages that do not exceed $10,000.
7. Plaintiff restates those allegations contained in paragraphs 1 through 5 above.
8. Defendant owes Plaintiff $_that is due with interest (insert past due rent amount) *600 since _-- 19-(insert date of last rental payment tenant failed to make) WHEREFORE, Plaintiff demands judgment for damages against Defendant.
(Name of Landlord, Address and Telephone Number)
COMPLAINT FOR LANDLORD TO EVICT TENANTS FOR FAILURE TO COMPLY WITH LEASE (OTHER THAN FAILURE TO PAY RENT)
IN THE COUNTY COURT, IN AND FOR
(insert county in which rental property is located)
COUNTY, FLORIDA
CASE NO.:_
(insert case number assigned by Clerk of the Court)
(Insert name of Landlord) Plaintiff, vs. (Insert name of Tenant) Defendant.
COMPLAINT FOR EVICTION
Plaintiff, (insert name of Landlord) _, sues Defendant, , and alleges: (insert name , of Tenant)
1. This is an action to evict a tenant from real property in-(insert county in which the rental property is located) County, Florida.
2. Plaintiff owns the following described real property in said county: (insert legal or street description of rental property including, if applicable, unit number)
3. Defendant has possession of the property under a (oral/written) agreement to pay rent of $_:-(insert rental amount) payable- — —- (insert term of rental payments, i.e., weekly, monthly, etc.)
A copy of the written agreement, if any, is attached as Exhibit “A”.
4. Plaintiff served Defendant with a notice on-, 19 — , giving (insert date of notice) *601 written notice to the Defendant that the Defendant was in violation of his rental agreement. A copy of said notice, setting forth the violations of the rental agreement, is attached hereto as Exhibit “B”.
5. Defendant has failed to correct or discontinue the conduct set forth in the above-mentioned notice.
WHEREFORE, Plaintiff demands judgment for possession of the property against Defendant.
(Name of Landlord, Address and Telephone Number)
SUMMONS — EVICTION CLAIM IN THE COUNTY COURT, IN AND FOR
(insert county in which rental property is located), COUNTY, FLORIDA
CASE NO.:_
(insert case number assigned by Clerk of the Court)
(Insert name of Landlord) Plaintiff, vs. (Insert name of Tenant) Defendant. EVICTION SUMMONS — RESIDENTIAL
To: _ (Insert name, address, and phone number of Tenant)
PLEASE READ CAREFULLY
You are being sued by_to require you (insert Landlord’s name) to move out of the place where you are living for the reasons given in the attached complaint.
You are entitled to a trial to decide whether you can be required to move, but you MUST do ALL of the things listed below. You must do them within 5 days (not including Saturday, Sunday or legal holidays) after the date these papers were given to you or to a person who lives with you or were posted at your home.
THE THINGS YOU MUST DO ARE AS FOLLOWS:
1. Write down the reason(s) why you think you should not be forced to move. The written reason(s) must be given to the Court Clerk at_ (insert address of courthouse)
2. Mail or take a copy of your written reason(s) to:
(insert Landlord’s name and address)
*602 3. Give the Court Clerk the rent that is due. You MUST pay the Clerk the rent each time it becomes due until the lawsuit is over. Whether you win or lose the lawsuit, the Judge may pay this rent to the Landlord.
4. If you and the Landlord do not agree on the amount of rent owed, give the Court Clerk the money you say you owe, then before the Trial you must ask the Judge to set a hearing to decide what amount should be given to the Clerk.
IF YOU DO NOT DO ALL OF THESE THINGS WITHIN 5 WORKING DAYS YOU MAY BE EVICTED WITHOUT A HEARING OR FURTHER NOTICE.
THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:
You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant.
DATED on the_ day of-, 19-
Clerk of the Court
By: -
Deputy Clerk
SUMMONS — DAMAGES CLAIM IN THE COUNTY COURT, IN AND FOR
(insert county in which rental property is located)
COUNTY, FLORIDA
CASE NO.:_
(insert case number assigned by Clerk of the Court)
(Insert name of Landlord) Plaintiff, vs. (Insert name of Tenant) Defendant. _/
ACTION FOR BACK RENT AND DAMAGES
Each Defendant is further required to serve written defenses to the demand for Back Rent and All Other Damages to the Premises contained in said Complaint upon the above-named_at the above-named address within 20 days (insert Landlord’s name) after service of this Summons upon the Defendant, exclusive of the day of Service, and to file the original of said written defenses with the Clerk of said court either before service on_;_or immediately thereafter, If you fail to do so, (insert Landlord’s name) a default will be entered against the Defendant for the relief demanded in that portion of the Complaint.
*603 WITNESS my hand and seal of said Court this-day of- —, 19-
Clerk of Court
(COURT SEAL)
By: - Deputy Clerk
NOTE: If a lawsuit is filed to evict the Tenant and recover back rent both Form 7 and Form 8 should be prepared and delivered to the Clerk of the Court at the time of filing the Complaint. If the Complaint seeks only to evict the Tenant, only Form 7 need be prepared and delivered to the Clerk. The summons or summonses should be attached to a copy of the Complaint, and after execution by the Clerk, delivered to the sheriff or other authorized process server to be served upon the Tenant.
FINAL JUDGMENT — DAMAGES IN THE COUNTY COURT, IN AND FOR
(insert county in which rental property is located)
COUNTY, FLORIDA
CASE NO.:_
(insert case number assigned by Clerk of the Court)
(Insert name of Landlord) Plaintiff, vs. (Insert name of Tenant) Defendant.
FINAL JUDGMENT
THIS ACTION came before the Court upon Plaintiffs Complaint for unpaid rent. On the evidence presented, it is ADJUDGED that Plaintiff, _, recover from Defendant, (insert Landlord’s name) _, the sum of $_with costs in the sum (insert Tenant’s name) of $_, making a total of $_, that shall bear interest at the rate of 12% a year for which let execution now issue.
ORDERED in---, (insert city in which court is located) _ COUNTY, FLORIDA on_, 19_ (insert county in which court is located)
(County/Circuit) Judge
cc: _
(insert name of Landlord)
(insert name of Tenant)
*604 NOTE: After the Court enters this Judgment you should obtain a certified copy of the judgment from the Clerk of the Court and record the certified copy in the public records in any county in which the tenant owns real property. The Clerk of the Small Claims Court can probably provide you with information concerning the collection of the amounts owed you. See also Form 13 (information sheet on judgments).
FINAL JUDGMENT — EVICTION IN THE COUNTY COURT, IN AND FOR
(insert county in which rental property is located)
COUNTY, FLORIDA
CASE NO.:_
(insert case number assigned by Clerk of the Court)
(Insert name of Landlord) Plaintiff, vs. (Insert name of Tenant) Defendant. _/
FINAL JUDGMENT
THIS ACTION came before the Court upon Plaintiff’s Complaint for eviction. On the evidence presented, it is ADJUDGED that Plaintiff, _, recover from Defendant, (insert Landlord’s name) _, possession of the real property described as follows: (insert Tenant’s name) (insert legal or street description of rental premises including, if applicable, unit number) and $_as court costs, for which let Writs of Possession and Execution now issue.
ORDERED in-. — , (insert city in which court is located) _ COUNTY, FLORIDA on_, 19_ (insert county in which court is located)
(County/Circuit) Judge
cc: -
(insert name of Landlord)
(insert name of Tenant)
*605 WRIT OF POSSESSION IN THE COUNTY COURT, IN AND FOR
(insert county in which rental property is located)
COUNTY, FLORIDA
CASE NO.:_
(insert case number assigned by Clerk of the Court)
(Insert name of Landlord), Plaintiff, vs. (Insert name of Tenant) Defendant. _/
WRIT OF POSSESSION
STATE OF FLORIDA TO THE SHERIFF OF_ (insert county in which rental property is located) COUNTY, FLORIDA:
YOU ARE COMMANDED to remove all persons from the following described property in_County, Florida: (insert county in which rental property is located) (insert legal or street description of rental premises including, if applicable, unit number) and to put_in possession of it. (insert Landlord’s name)
DATED on_day of_, 19_
Clerk, County Court
(SEAL)
By: - Deputy Clerk
NOTE: This document should be deliveréd to the Clerk of the Court after the Court enters the final judgment evicting the tenant. The Clerk will sign this Writ.
After the Clerk signs this Writ, it must be delivered to the Sheriff to be served upon the Tenant and, if necessary, to forcibly evict the Tenant after 24 hours from the time of service.
NOTICE OF INTENTION TO IMPOSE CLAIM ON SECURITY DEPOSIT
(Tenant’s Name and Address)
Dear_ (Tenant’s Name)
*606 This is a notice of my intention to impose a claim for damages in the amount of $_upon your security deposit due to (insert amount of damages) (insert damage done to premises or other reason for claiming security deposit). It is sent to you as required by s. 83.49(3) Florida Statutes. You are hereby notified that you must object in writing to this deduction from your security deposit within 15 days from the time you receive this notice or I will be authorized to deduct my claim from your security deposit. Your objection must be sent to_ (insert Landlord’s address).
(Landlord’s Name, Address and Phone Number)
NOTE: A landlord must return a tenant’s security deposit to the tenant no more than 15 days after the tenant leaves the leased property. The landlord may claim all or a portion of the security deposit only after giving the tenant written notice, by certified mail to the tenant’s last known mailing address, of the landlord’s intention to keep the deposit and the reason for keeping it. If the landlord does not send the notice within the 15 day period he cannot keep the security deposit. If the tenant does not object to the notice, the landlord may then keep the amount stated in the notice, and must send the rest of the deposit to the tenant within 30 days after the date of the notice.
SOURCE: Section 83.49(3)(a), Florida Statutes (1990).
SATISFACTION OF MORTGAGE
THIS DOCUMENT is signed by_(“Mortgagee”), who is the owner and holder of, and has not transferred, assigned, pledged, or otherwise encumbered any interest in, the following described mortgage (“Mortgage”):
Mortgage dated_, 19_from_ (“Mortgagor”) to_securing that certain promissory note (“Note”) in the original principal amount of_and_/100 DOLLARS ($_) which mortgage is recorded in Official Records Book_, Page_, Public Records of_County, Florida, encumbering certain property situated in_County, Florida, as more particularly described in the Mortgage (“Property”); AND
THAT Mortgagee hereby acknowledges full payment and satisfaction of the Note and Mortgage, does hereby surrender the Note and Mortgage as cancelled, releases the Property from the lien of the Mortgage, and directs the Clerk of the Circuit Court in and for_County to cancel the same of record.
IN WITNESS WHEREOF, the Mortgagee has executed these presents this_ day of_, A.D. 19_
Signed, Sealed and Delivered in Presence of:
SWORN TO and subscribed before me this_day of_, 19_
Notary Public
*607 My commission expires:
SATISFACTION OF JUDGMENT — COUNTY COURT
IN THE COUNTY COURT, IN AND FOR _COUNTY, FLORIDA
CASE NO.
Plaintiff(s), vs. Defendant(s). _/
SATISFACTION OF JUDGMENT
This document is signed by_, (insert: “individually” or “as agent of Plaintiff corporation”) _on_, 19_
Plaintiff,_, to acknowledge full payment of the judgment signed by the Judge on_, 19_Plaintiff agrees that Defendant(s) do not owe the Plaintiff any more monies for the judgment.
(Witness) (Plaintiff)
(Witness)
SWORN TO and subscribed before me this_day of_, 19_
Notary Public
My commission expires:
SATISFACTION OF JUDGMENT — CIRCUIT COURT
IN THE CIRCUIT COURT OF THE _JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
CASE NO.
Plaintiff(s), vs. Defendant(s).
*608 SATISFACTION OF JUDGMENT
This document is signed by-, (insert: “individually” or “as agent of Plaintiff corporation”) _on_, 19-
Plaintiff,_, to acknowledge full payment of the judgment signed by the Judge on_, 19_Plaintiff agrees that Defendants) do/does not owe the Plaintiff any more monies for the judgment.
(Witness) (Plaintiff)
(Witness)
SWORN TO and subscribed before me this_day of_, 19-
Notary Public
My commission expires:
DOCUMENT FOR SALE OF GOODS
THIS DOCUMENT is signed by_, as Seller, to transfer ownership to_, as Buyer, of the goods (other than land) described as follows:
Seller promises that Seller is the owner of the goods and that Seller has the right to sell them and that there are no liens against the goods.
Seller sells to Buyer all of the goods described above for the sum of $_!_ By signing this document, Seller agrees that Buyer has fully paid for the goods.
This document is signed on_, 19_
Seller
SWORN TO and subscribed before me this_day of_, 19_
Notary Public
My commission expires: