PER CURIAM.
Pursuant to rule 10-7.1(b) of the Rules Regulating The Florida Bar, Doris A. Bun-nell petitioned The Florida Bar Standing Committee on the Unlicensed Practice of Law (the Standing Committee) for an advisory opinion on the following question:
Whether it constitutes the unlicensed practice of law for a property manager, with or without a power of attorney, to draft and serve a Three Day Notice, draft and file a Complaint for Eviction and Motion for Default and obtain a Final Judgment and Writ of Possession for the landlord in an uncontested residential eviction and, if so, whether the practice should be authorized.
We have jurisdiction to review the proposed advisory opinion pursuant to rule 10-7.1(g) of the Rules Regulating The Florida Bar and article V, section 15, of the Florida Constitution.
After a hearing on the matter, the Standing Committee determined that there is confusion among judges and property managers around the state regarding a nonlaw-yer’s participation in a residential eviction. In light of this confusion, the Standing Committee voted to issue the proposed opinion. Citing to The Florida Bar v. Mickens, 505 So.2d 1319 (Fla.1987) (Mickens II); The Florida Bar v. Rich, 481 So.2d 1221 (Fla.1986); The Florida Bar v. Mickens, 465 So.2d 524 (Fla.1985) (Mickens I); and The Florida Bar v. Valdes, 464 So.2d 1183 (Fla.1985), the Standing Committee takes the position that the proposed advisory opinion merely reaffirms the case law in this area.
Our decisions Mickens I and Mickens II involved an injunction against a “nonlaw-yer tenant eviction service.” 505 So.2d at 1320. In Mickens I this Court approved a stipulation for settlement entered into by the respondent and The Florida Bar and permanently enjoined respondent
from filing initial tenant eviction complaints for residential and corporate landlords; counseling landlords regarding legal matters; filling out eviction forms where the landlord orally communicates the information to be filled in; and appearing in court or any other judicial tenant eviction proceedings.
465 So.2d at 525. The respondent in Mick-ens I was not enjoined from filling in eviction forms where the landlord furnished the information in writing. Id. In Mick-ens II, the respondent was found to be in contempt of the 1985 order and was enjoined from
representing, either expressly or impliedly, that he is licensed to engage in the practice of law in Florida, and from conducting the following activities: (a) filing the initial complaints for residential land *870 lords; (b) counseling landlords about legal matters regarding tenant eviction actions; (c) typing or printing information on the tenant eviction forms set forth in the petition where the landlord orally communicates such information to the respondent; and (d) appearing in court or in any judicial proceeding which is part of the tenant eviction process.
505 So.2d at 1321. Injunctions for handling eviction matters for others were also issued by this Court in Valdes, 464 So.2d at 1184, and Rich, 481 So.2d at 1221. Like Mickens, these respondents appeared to have been in the business of providing eviction services.
Based on the case law, the Standing Committee is of the opinion that it does not constitute the unlicensed practice of law for a nonlawyer to prepare and serve a three-day notice informing a tenant that the rent is overdue and giving the tenant three days in which to pay. Cf. In re Advisory Opinion—Nonlawyer Preparation of Notice to Owner and Notice to Contractor, 544 So.2d 1013, 1016 (Fla.1989) (it is not the unlicensed practice of law for a nonlawyer to prepare the Notice To Owner required by section 713.06(2), Florida Statutes). However, the Standing Committee is of the opinion that it is the unlicensed practice of law for a nonlawyer to draft and file a complaint for eviction and motion for default and to obtain a final judgment and writ of possession for a landlord in an uncontested residential eviction and that the practice should not be authorized except to the limited extent that a nonlawyer is assisting in the completion of Supreme Court approved forms.
In The Florida Bar re Approval of Forms Pursuant to Rule 10-1.1(b) to the Rules Regulating The Florida Bar, 591 So.2d 594 (Fla.1991), this Court recently approved a number of forms in the landlord-tenant area. In accordance with Rule Regulating The Florida Bar 10-1.1(b), a nonlawyer is authorized to assist in the completion of these forms. The approved forms include various notices, a complaint for eviction for failure to pay rent, a complaint for eviction other than for failure to pay rent, a summons for an eviction claim, a summons for a damages claim, a final judgment for damages, a final judgment for eviction and a writ of possession.
The proposed advisory opinion recognizes that our approval of these forms modifies Mickens I and Mickens II to the extent that those decisions require eviction forms to be completed from information supplied in writing, but that the remaining prohibitions of counseling the landlord, handling the eviction, and appearing in court on behalf of the landlord, remain intact. The proposed opinion concludes that a nonlaw-yer property manager may complete a Court-approved form with information supplied by the landlord but the form must be signed and filed by the landlord, although the manager may act as a courier and take the signed form to the courthouse. According to the proposed opinion, a property manager’s handling of an eviction should be limited to providing the approved forms and filling in the information provided by the landlord.[1]
The petitioner filed objections to the proposed advisory opinion. Recognizing that only this Court can authorize the practice of law,[2] the petitioner urges us to authorize property managers to handle all aspects of an uncontested residential eviction.
After hearing oral argument, reviewing the proposed advisory opinion and considering the comments of the petitioner and other interested parties, we approve that portion of the proposed advisory opinion that concludes that it is not the unlicensed practice of law for a property manager to draft and serve a three-day notice. We also approve that portion of the proposed opinion concluding that it is the unli *871 censed practice of law for a nonlawyer to draft and file a complaint for eviction and motion for default and to obtain a final judgment and writ of possession for a landlord in an uncontested residential eviction. However, we are not persuaded that property managers should not be authorized to engage in these activities.
None of our prior decisions in this area addressed the precise question presented to the Standing Committee. As noted above, Mickens I, Mickens II, Valdes and Rich all involved individuals or companies performing eviction and other legal services; property managers were not involved. As pointed out by the petitioner, in most cases it is the property manager who is the most involved and familiar with the rental property. An uncontested residential eviction for nonpayment of rent is a rather perfunctory process in which abuses would seem unlikely. This is particularly true in light of the landlord-tenant forms recently approved by this Court. Because of the unique position of property managers and the fact that there has been no showing that the public is being or will be harmed by property managers handling uncontested residential evictions, we agree with the petitioner that such activity should be authorized.
Accordingly, subject to reconsideration one year from the date of this opinion, property managers are hereby authorized to complete, sign and file complaints for eviction and motions for default and to obtain final judgments and writs of possession on behalf of landlords in uncontested residential evictions for nonpayment of rent. This authorization does not extend to nonlawyers other than property managers and is given with the understanding that evictions will be handled incidental to the management of the rental property. It only covers uncontested residential evictions for nonpayment of rent; property managers are not authorized to handle evictions for other than nonpayment of rent.[3] In seeking to evict a residential tenant for nonpayment of rent, a property manager must utilize the forms approved by this Court pursuant to rule 10-l.l(b)[4] and may not draft or file pleadings that differ from those authorized by this Court. Although a property manager may prepare and file the relevant Court-approved forms on behalf of a landlord as authorized in this opinion, a property manager, who is not also a lawyer, may not give legal advice in connection with eviction proceedings.
Interested parties may file comments with this Court addressing unforeseen public harm that may result from the activities we have authorized in this opinion. Comments must be filed with the Clerk of this Court within one year of the date of this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. After the advisory opinion was filed and comments were received, the Standing Committee filed as supplemental authority a recent amendment to section 83.59(2), Florida Statutes (1991), that purports to authorize a residential landlord’s "attorney or agent” to file the initial complaint for eviction but prohibits the nonlaw-yer agent from taking any other action. See ch. 92-36, § 1, Laws of Florida.

. Art. V, § 15, Fla. Const.

. A property manager, like any other nonlaw-yer, may assist in the preparation of Supreme Court authorized forms in connection with evictions for other than nonpayment of rent in accordance with our decision in The Florida Bar re Approval of Forms Pursuant to Rule 10-1.1(b) to the Rules Regulating The Florida Bar, 591 So.2d 594 (Fla.1991).

. We recognize that no form for a motion for default in an eviction proceeding was approved in The Florida Bar re Approval of Forms Pursuant to Rule 10-1.1(b) to the Rules Regulating The Florida Bar. Therefore, we request that The Florida Bar’s Standing Committee on Simplified Legal Forms draft and submit such a form for this Court’s approval.