PER CURIAM.
The Florida Bar petitions this Court seeking approval of six forms pursuant to rule 10-2.1(a) of the Rules Regulating the Florida Bar. We have jurisdiction under article V, section 2(a) of the Florida Constitution.
Rule 10-2.1(a)[1] allows “nonlawyers to assist in the completion of legal forms approved by this Court.” The Florida Bar re Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating the Florida Bar, 591 So.2d 594, 595 (Fla.1991). It was adopted to provide broader access to the court system while continuing to protect the public from those persons not competent to give legal advice. The Florida Bar re Amendment to Rules Regulating the Florida Bar (Chapter 10), 510 So.2d 596, 597 (Fla.1987). “In furtherance of this goal, the Bar has attempted to define those areas amenable to a forms practice and to develop simplified forms for use by nonlaw-yers pursuant to rule [10-2.1(a)j. The forms developed are of a fill-in-the-blank type and require nothing more than the insertion of factual information.” The Florida Bar re Approval of Forms Pursuant to Rule 10-1.1(b), 591 So.2d at 595.
In The Florida Bar re Advisory Opinion—Nonlawyer Preparation of and Representation of Landlord in Uncontested Residential Evictions, 605 So.2d 868, 871 (Fla.1992), this Court authorized property managers to complete, sign and file complaints for eviction and motions for default *1026 and to obtain final judgments and writs of possession on behalf of landlords in uncontested residential evictions for nonpayment of rent. We recognized, however, that no form for a motion for default in an eviction proceeding had been previously approved. Id. at 871 n. 4. Therefore, we requested the Florida Bar Standing Committee on Simplified Forms to draft and submit a form for approval. Id.
In response, the Standing Committee has drafted the forms necessary to obtain a default judgment in an uncontested residential eviction and submitted them for our approval. Additionally, the Committee drafted and submitted for approval default forms relating to a complaint for damages so that pro se litigants using the forms would have every form necessary to complete the process.
The forms drafted by the Committee are (1) Motion for Clerk’s Default — Residential Eviction; (2) Motion for Clerk’s Default— Damages (Residential Eviction); (3) Motion for Default Final Judgment — Residential Eviction; (4) Motion for Default Final Judgment — Damages (Residential Eviction); (5) Affidavit of Damages; and (6) Non-Military Affidavit. Prior to the instant petition, the forms were reviewed by the Real Property, Probate, and Trust Law Section of the Florida Bar and were approved by the Board of Governors of the Florida Bar. A notice announcing that the forms were being sent to the Court for approval was published in the Florida Bar News on March 15, 1993. The notice invited any interested party to respond to the Bar’s petition. No response was filed. Therefore, we approve and authorize the publication of forms 1 through 6, as listed above.
In addition to the proposed forms, the Bar has prepared instructions for the use of the forms. While we authorize the publication of the instructions, we do not express an opinion as to their legal correctness. Because local procedures may vary from circuit to circuit, the chief judge of each circuit is authorized to prepare supplemental directions for the use of the approved forms. Supplemental directions shall be filed with the clerk of court in the respective circuit and with the clerk of this Court. See The Florida Bar re Approval of Forms Pursuant to Rule 10-1.1(b), 591 So.2d at 595.
All forms approved by this Court shall be identified as such on the face of the forms which shall read: “Approved for use under rule 10-2.1(a) of the Rules Regulating the Florida Bar.” The approved forms and instructions are appended to ensure their availability for use immediately upon the filing of this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, MCDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
THE FORMS APPROVED BY THIS COURT ARE EFFECTIVE IMMEDIATELY.
FORM 76 — MOTION FOR CLERK’S DEFAULT — RESIDENTIAL EVICTION
FORM 77 — MOTION FOR CLERK’S DEFAULT — DAMAGES (RESIDENTIAL EVICTION)
FORM 78 — MOTION FOR DEFAULT FINAL JUDGMENT — RESIDENTIAL EVICTION
FORM 79 — MOTION FOR DEFAULT FINAL JUDGMENT — DAMAGES (RESIDENTIAL EVICTION)
FORM 80 — AFFIDAVIT OF DAMAGES
FORM 81 — NONMILITARY AFFIDAVIT
The tenant will have five days, after service, to file a written response to a complaint for eviction, and 20 days, after service, to file a written response to a complaint for back rent and damages. If the tenant fails to file a written response in that time you are entitled to a judgment by default.
Obtaining the judgment is a two-step process. First, a clerk’s default should be obtained by delivering to the clerk of the court an executed Motion for Clerk’s Default. Form 76 *1027 should be used to obtain a clerk’s default when the tenant has failed to respond to an eviction complaint and Form 77 should be used to obtain a clerk’s default when the tenant has failed to respond to a complaint for back rent and damages. In order to be entitled to a default, Form 81, Nonmilitary Affidavit, must be filed with the clerk.
Second, based on the clerk’s default, a default final judgment should be obtained from the judge handling the case. The default final judgment is obtained by delivering to the court a Motion for Default Final Judgment — Residential Eviction (Form 78) and/or a Motion for Default Final Judgment — Damages (Residential Eviction) (Form 79) with an Affidavit of Damages (Form 80). If you are seeking a Default Final Judgment — Damages (Residential Eviction), a copy of the motion and affidavit must be served on the defendant. The forms provide a certificate of service to be completed establishing proper service of the motion and affidavit.
[[Image here]]
*1028 [[Image here]]
*1029 [[Image here]]
*1030 [[Image here]]
*1031 [[Image here]]
*1032 [[Image here]]

. The text of rule 10-2.1(a) was previously found at rule 10-1.1(b). The renumbering occurred in 1992 and became effective on January 1, 1993. The Florida Bar re Amendment to Rules Regulating the Florida Bar, 605 So.2d 252, 426-27 (Fla.1992).