PER CURIAM.
In The Florida Bar re Advisory Opinion—Nonlawyer Preparation of and Representation of Landlord in Uncontested Residential Evictions, 605 So.2d 868 (Fla.1992), this Court reviewed a proposed advisory opinion of The Florida Bar Standing Committee on the Unlicensed Practice of Law on the question of:
Whether it constitutes the unlicensed practice of law for a property manager, with or without a power of attorney, to draft and serve a Three Day Notice, draft and file a Complaint for Eviction and Motion for Default and obtain a Final Judgment and Writ of Possession for the landlord in an uncontested residential eviction and, if so, whether the practice should be authorized.
605 So.2d at 869. We approved that portion of the proposed advisory opinion that concluded that it is not the unlicensed practice of law for a property manager to draft and serve a three-day notice. We also approved that portion of the opinion concluding that it is the unlicensed practice of law for a nonlaw-yer to draft and file a complaint for eviction and motion for default and to obtain a final judgment and writ of possession for a landlord in an uncontested residential eviction. However, we rejected the Standing Committee’s suggestion that property managers should not be authorized to engage in these activities.
Subject to reconsideration one year from the date of our decision, the Court authorized property managers to complete,[1] sign, and file complaints for eviction and motions for default and to obtain final judgments and writs of possession on behalf of landlords in uncontested residential evictions for nonpayment of rent. The authorization did not extend to nonlawyers other than property managers and was given with the “understanding that evictions will be handled incidental to the management of the rental property.” 605 So.2d at 871. After reviewing the comments filed by the Standing Committee, the Florida Real Estate Commission, the Conference of County Court Judges, and other interested parties, we find it necessary to clarify our prior opinion in several respects.[2]
The Standing Committee, the Florida Real Estate Commission and the Conference of County Court Judges - all suggest definitions for the term “property manager” as used in our opinion. However, the Standing Committee and the Real Estate Commission offer a more limited definition than that currently being used by a majority of the county court judges. The Standing Committee and the Commission ask that the term be defined narrowly to include only those persons licensed as real estate brokers or salespersons under chapter 475, Florida Statutes (1991). The Real Estate Commission points out that it has authority to discipline such individuals and to administer the Florida Real Estate Recovery Fund to any person or corporation who is adjudged to have suffered monetary damages by a real estate licensee. §§ 475.-25, .482, .484, Fla.Stat. (1991). It is the Commission’s position that by restricting the authorization to real estate licensees the *487 Commission can oversee the authorized activities. While the benefits of a regulatory board overseeing the handling of evictions by nonlawyers are apparent, the Commission’s definition is too limited. This narrow definition would exclude salaried property managers who are exempt from the licensing requirements of chapter 475.[3] Such an under-inclusive definition is inconsistent with our original opinion which contemplates that un-eontested evictions be handled “incidental to the management of the rental property.” 605 So.2d at 871.
The approach advocated by the Conference of County Court Judges better implements our intent that those individuals who are responsible for the day-to-day management of the rental property be allowed to handle uncontested residential evictions on behalf of the landlord. Under the judges’ approach, a “property manager” is one who is “responsible for the rental and management of the property, as evidenced by such factors as responsibility for maintenance and collection of rent.”
Accordingly, for purposes of this opinion, a “property manager” is defined as one who is responsible for the day-to-day management of the residential rental property, as evidenced by such factors as responsibility for renting of units, maintenance of rental property, and collection of rent. Corporate property management firms that have primary responsibility for the rental and management of residential rental property are included in this definition. Real estate brokers and salespersons who are licensed under chapter 475 also may qualify as “property managers” if they otherwise fit within this definition.
To ensure that a property manager has been designated to handle evictions on the landlord’s behalf, the landlord must give the property manager written authorization to do so. The written authorization should cover only the completion, signing, and filing of the pleadings necessary to evict a tenant for nonpayment of rent. It cannot serve to designate the property manager as the plaintiff in the eviction action or to authorize the manager to seek the recovery of past due rent.[4] Designated property managers may handle uncontested residential evictions on behalf of both individual and corporate landlords. Finally, we agree with the Conference of County Court Judges that an eviction should be considered contested for purposes of this opinion when a hearing is required.
Accordingly, our opinion of October 8, 1992, is clarified as reflected in this opinion.
It is so ordered.
BARRETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. In seeking to evict a residential tenant for nonpayment of rent,, a property manager must complete the forms approved by this Court in The Florida Bar re Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating The Florida Bar, 591 So.2d 594 (Fla.1991).

. We have jurisdiction pursuant to rule 10-7.1(g) of the Rules Regulating the Florida Bar and article V, section 15, of the Florida Constitution.

. See § 475.011(4), (5), Fla.Stat. (1991).

. Our original opinion did not address actions for recovery of past due rent and was not intended to authorize property managers to seek money judgments on behalf of landlords.