# Third District Court of Appeal
## State of Florida

Opinion filed June 11, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1479
Lower Tribunal No. 24-133869-CC-20
_____

**Latosha Burkes,**
Appellant,

vs.

**Rama 80 LLC,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Gordon C. Murray, Judge.

Legal Services of Greater Miami, Inc., and Alexander Maza, Jeffrey M. Hearne, and Lissie Salazar, for appellant.

Sixto & Associates PA, and Alejandro L. Sixto, for appellee.

Before LOGUE, C.J., and SCALES and BOKOR, JJ.

LOGUE, C.J.

In this residential eviction action for nonpayment of rent, Latosha

Burkes ("Tenant") appeals the (1) order striking Tenant's answer and entering default, (2) final judgment for removal of Tenant in favor of the landlord, Rama 80 LLC ("Landlord"), and (3) order denying the Tenant's motion for rehearing. For the reasons that follow, we reverse and remand with directions.

## Background

The Landlord filed a complaint for eviction against the Tenant in Miami-Dade County Court. Paragraph 3 of the complaint alleged that the Tenant "has possession of the property under an/a (oral/written) agreement to pay rent of $647 payable monthly," and paragraph 4 alleged that the Tenant failed to pay the rent due on June 1, 2024 and July 1, 2024. The complaint attached the three-day notice but did not attach a written contract. Further, the Landlord, a corporation, was not represented by counsel and its complaint was not signed by an attorney.

The Tenant filed a timely pro se Answer to Eviction, Defenses, and Motion to Determine Rent. Among other things, the Tenant denied paragraph 3 of the complaint but admitted paragraph 4. Thus, the Tenant admitted she had failed to pay rent in June and July 2024, but disputed the amount due each month. Moreover, in her affirmative defenses, the Tenant asserted, in part, that the Landlord's representative agreed to accept only $200 per

2

month in rent. Finally, in her motion to determine rent, the Tenant specifically requested that the trial court determine what amount, if any, should be deposited into the court registry because the Landlord's representative told the Tenant to pay $200 per month, explaining when and why the parties allegedly entered into this oral agreement.

The same day that the Tenant filed her answer, affirmative defenses, and motion to determine rent, the Landlord filed a motion for default by the clerk, asserting the Tenant failed to serve any paper. The Landlord also moved to strike the Tenant's answer and to enter default, asserting that the Tenant had not paid the rent requested in the complaint into the court registry or filed a motion to determine rent. Several statements made by the Landlord in these motions were inaccurate.

Two days after the Landlord filed these motions, the Tenant filed an amended answer with affirmative defenses, a motion to determine rent, and a motion to dismiss. Unlike the initial answer, the Tenant denied both paragraphs 3 and 4. Additionally, the Tenant asserted, among other things, that the complaint was deficient as a matter of law because the corporate Landlord's complaint was not signed by an attorney. The Tenant asserted in her amended affirmative defenses and amended motion to determine rent that in the Spring of 2023, the Landlord agreed to accept $200 per month to

3

satisfy the Tenant's rent obligation and, prior to filing the eviction complaint, the Landlord consistently accepted this amount. The Tenant attached receipts from July 2023, August 2023, November 2023, January 2024, February 2024, April 2024, and May 2024, reflecting that she paid the Landlord $200 for rent.

On the same day that the Tenant filed her amended pleading and motion to dismiss, the trial court entered an order requiring the Tenant to deposit $647 into the court registry by the following day and every month while the case remains open. The order provides that if the Tenant fails to comply, the court shall enter a final judgment.

A few days later, the trial court entered an order striking the Tenant's answer and entering a default against her. The order correctly provided that the Tenant did not deposit funds into the court registry but incorrectly provided that the Tenant had not filed a motion to determine rent. Later that day, the trial court entered a final judgment for removal of tenant.

The Tenant filed a timely motion for rehearing. Among other things, she argued that her initial and amended answer, defenses, and motion to determine rent were timely filed; the trial court failed to hold an evidentiary hearing on her pending motion to determine rent prior to entering the order requiring her to deposit $647 into the court registry; and that the corporate

Landlord was not represented by an attorney. The Tenant requested that the trial court vacate the order requiring her to deposit $647 into the court registry and the default final judgment of eviction, and to order the trial court to conduct an evidentiary hearing to determine the amount of rent, if any, that must be deposited into the court registry. The trial court denied the Tenant's motion for rehearing. The Tenant's timely appeal followed.

## Analysis

The Tenant argues the trial court erred by (1) entering the order to deposit rent without first conducting an evidentiary hearing on her motion to determine rent filed under section 83.60(2), Florida Statutes, and (2) striking the Tenant's answer and entering a default after the Tenant filed a timely answer and valid affirmative defenses. We conclude that the Tenant's arguments have merit.

"Section 83.60(2) is not discretionary; it compels a tenant defending against an eviction to pay into the court registry either (i) the amount of rent alleged to be due, or (ii) the amount of rent determined by the court, plus all rent that accrues during the case's pendency." 1560-1568 Drexel Ave., LLC v. Dalton, 320 So. 3d 965, 969 (Fla. 3d DCA 2021). Further,

> [a] trial court typically disposes of a motion to determine rent in one of two ways: (1) the court sets an expedited evidentiary hearing and issues an order setting the rent to be deposited; or (2) the court strikes the motion as procedurally barred (usually

5

based on the motion of the landlord pointing out statutory or procedural infirmities).

Kaufman v. High Seas, LLC, 383 So. 3d 509, 512 (Fla. 4th DCA 2024) (quoting Axen v. Poah Cutler Manor, LLC, 323 So. 3d 800, 800 n.1 (Fla. 3d DCA 2021)).

Here, the Tenant filed a motion to determine rent, which the trial court neither struck nor addressed. Therefore, the unresolved motion to determine rent precluded the trial court from entering the order to deposit rent into the court registry. Moreover, the pending motion precluded the striking of the Tenant's answer, entering a default against the Tenant, and the entry of the final judgment for removal of tenant. See Prince v. MCR Apts. 1, LLC, 326 So. 3d 228, 228 (Fla. 3d DCA 2021) ("[W]e conclude the tenant's motion for determination of rent, pending and unresolved in the trial court, precluded entry of the judgment."); Ramirez v. Lopez, 357 So. 3d 1281, 1281 (Fla. 3d DCA 2023) ("[W]e reverse the final judgment of eviction in this landlord-tenant dispute because the trial court should have set [t]enant's motion to determine rent for an evidentiary hearing to resolve the disputed issue of how much rent [t]enant should have deposited into the court registry."); see also Crawford v. Grubb, 337 So. 3d 521, 521 (Fla. 2d DCA 2022) (reversing final judgment of eviction where the trial court prematurely entered a default final judgment despite the tenant's prior filing of a timely answer and

6

affirmative defenses).

Accordingly, we reverse the orders and judgment under review and remand for further proceedings. On remand, the trial court is directed to require that the corporate Landlord be represented by counsel in this contested residential eviction action for nonpayment of rent. See Running Cars, LLC v. Miller, 333 So. 3d 1177, 1179 (Fla. 1st DCA 2022) ("In Florida, a corporation cannot represent itself and 'a pleading signed in the corporate name by one of its agents or officials is a nullity, and must be disregarded.'" (quoting Magnolias Nursing & Convalescent Ctr. v. Dep't of Health & Rehab. Servs., Off. of Licensure & Certification, 428 So. 2d 256, 257 (Fla. 1st DCA 1982))); see also Pomales v. Aklipse Asset Mgmt., Inc., 336 So. 3d 785, 786 (Fla. 3d DCA 2022) (recognizing that in contested residential eviction action for nonpayment of rent, "a corporation, unlike a natural person, cannot represent itself and cannot appear in a court of law without an attorney" (quoting Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So. 2d 247, 248 (Fla. 3d DCA 1985))); Altamar 1, LLC v. Nolasco, 389 So. 3d 598, 598 (Fla. 3d DCA 2023) ("[A] limited exception has been recognized by the Florida Supreme Court to permit designated property managers to sign a complaint and prosecute uncontested residential evictions for nonpayment of rent on behalf of both individual and corporate landlords." (citing Fla. Bar

7

re Advisory Opinion—Nonlawyer Preparation of & Representation of Landlord in Uncontested Residential Evictions, 627 So. 2d 485, 487 (Fla. 1993))).

Reversed and remanded with directions.