PER CURIAM.
The Board of Governors of The Florida Bar, pursuant to rule 10-2.1(a) of the Rules Regulating the Florida Bar, petitions this Court to approve revisions to the simplified legal forms for use by nonlaw-yers. Rule 10-2.1(a) allows nonlawyers to assist in the completion of legal forms approved by this Court.[1] The purpose of the rule is to provide broader access to the court system while continuing to protect the public from those persons not competent to give legal advice. Florida Bar re Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating the Florida Bar, 591 So.2d 594, 595 (Fla.1991).
Pursuant to rule 10-2.1(a), this Court has adopted forms of a fill-in-the-blank type that require only the insertion of factual information. Id. at 595. Proposed revisions to the forms for Residential Eviction Summons, Final Judgment — Damages, and Residential Lease — Single Family Home and Duplex are the final product of The Florida Bar Standing Committee on Simplified Forms. Official notice of the Bar’s intent to file this petition was published in the December 15, 1997, edition of The Florida Bar News as required by rule 1-12.1(g) of the Rules Regulating The Florida Bar.
We have considered comments submitted by the following interested parties: the Housing Workgroup of Florida Legal Services, Inc.; attorney Henry P. Trawiek, of Sarasota; and attorney T. Rankin Terry, Jr., of Fort Myers. Most of the comments note that portions of the revised simplified forms create a potential for confusion in that the revisions do not conform to statutory requirements. Most significantly, the Housing Workgroup notes that several sections of the residential lease form contain language conflicting with statutory requirements. The Housing Workgroup suggests deleting the lease form entirely from the forms package because the standardized lease form potentially encroaches upon the rights of leasing parties to privately negotiate specific terms of leases.
The chairman of The Florida Bar Standing Committee on Simplified Forms responds that the Committee does not oppose proposed changes contained in comments to the revisions including the suggestion that the Residential Lease for Single Family Homes and Duplexes be removed from the forms package. Likewise, the Committee does not oppose a suggested modification of the Eviction Summons form to substitute a statutory designation of legal holiday and of the Final Judgment form to include additional information. The Committee also does not oppose the suggestion to refrain from deleting language in paragraph three of the Eviction Summons form.
After having considered the petition and the comments submitted, we recognize the *1063 need to ensure that the forms conform to statutory language. Therefore, we approve the revised forms with the following substantive changes: (1) the addition of the phrase “observed by the clerk of the court” after “any legal holiday” in the Eviction Summons; (2) the retention in paragraph three of the Eviction Summons of the sentence stating “YOU MUST PAY THE CLERK THE RENT EACH TIME IT BECOMES DUE UNTIL THE LAWSUIT IS OVER”; (3) the addition of the phrase “bear interest at the legal rate pursuant to section 55.03, Florida Statutes” in the form for Final Judgment— Damages. We delete entirely the Residential Lease for Single Family Home and Duplex.
In addition to the forms, The Florida Bar has prepared instructions to accompany the forms. While we authorize the publication of the instructions, we do not express an opinion on their legal correctness. We authorize deletion of the instructions accompanying the deleted Residential Lease form. Because local procedures may vary from circuit to circuit, the chief judge of each circuit is authorized to prepare supplemental directions for using the forms. All such supplemental directions shall be filed with the clerk of the court in the respective circuits and with the clerk of this Court.
Accordingly, and upon consideration of the proposed revisions, we adopt same with the substantive and stylistic changes reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by strike-through type. The Residential Lease form is deleted entirely from the simplified forms. These revisions will become effective upon the release of this opinion.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
APPENDIX
SUMMONS — EVICTION CLAIM
IN THE COUNTY COURT, IN AND FOR
(insert county in which rental property is located)
COUNTY, FLORIDA
CASE NO.:_
(insert case number assigned by Clerk of the Court)
EVICTION SUMMONS-RESIDENTIAL
(Insert name of Landlord) Plaintiff,
(Insert name of Tenant) Defendant.
_/
TO:_
' (Insert name, address, and phone number of Tenant)
PLEASE READ CAREFULLY
You are being sued by __(insert Landlord’s name) to require you to move out of the place where you are living for the reasons given in the attached complaint.
You are entitled to a trial to decide whether you can be required to move, but you MUST do ALL of the things listed below. You must do them within 5 days (not including Saturday, Sunday or any legal holidays observed by the clerk of the court) after the date these papers were given to you or to a person who lives with you or were posted at your home.
THE THINGS YOU MUST DO ARE AS FOLLOWS:
1. Write down the reason(s) why you think you should not be forced to move. The written reason(s) must be given to the Ccourt Cclerk at_(insert name *1064 of county), _ (insert address of courthouse).
2. Mail or take a copy of your written reason(s) to:_ (insert Landlord’s name and address)
3. Give the Gcourt Gclerk the rent that is due as set forth in the landlord’s complaint or as determined by the Court. YOU MUST PAY THE CLERK THE RENT EACH TIME IT BECOMES DUE UNTIL THE LAWSUIT IS OVER. Whether you win or lose the lawsuit, the Jjudge may pay this rent to the Llandlord.
4. If you and the Llandlord do not agree on the amount of rent owed, give the Ccourt Gclerk the money you say you oweT. tThen before the Ttrial you must ask the Jjudge to set a hearing to decide what amount should be given to the court Cclerk.
IF YOU DO NOT DO ALL OF THESE THINGS WITHIN 5 WORKING DAYS, YOU MAY BE EVICTED WITHOUT A HEARING OR FURTHER NOTICE.
THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:
You are commanded to serve this Ssum-mons and a copy of the ©complaint in this lawsuit on the above-named ©defendant. DATED on the ...day of _, 49_
Clerk of the Court
By: -
Deputy Clerk
Clerk’s Address:
Telephone Number:
This form was completed with the
assistance of:
Name:
Address:
Telephone Number:.
FINAL JUDGEMENT — DAMAGES
IN THE COUNTY COURT, IN AND FOR
(insert county in which rental property is located)
CASE NO.:_
(insert case number assigned by Clerk of the Court)
(Insert name of Landlord),
(Insert address of Landlord) Plaintiff,
vs.
(Insert name of Tenant)
(Insert address of Tenant) Defendant.
_/
FINAL JUDGMENT
THIS ACTION came before the Court upon Plaintiffs Complaint for unpaid rent. On the evidence presented, it is
ADJUDGED that Plaintiff, _ (insert Landlord’s name), recover from Defendant, _ (insert Tenant’s name), the sum of $_with costs in the sum of $_, making a total of $_, that shall bear interest at the legal rate pursuant to section 55.03, Florida Statutes, of — 1-2-%-a- year for which let execution now issue.
ORDERED in_(insert city in which court is located),_(insert county in which court is located) COUNTY, FLORIDA on _, on ____, 49_
(County/Circuit) Judge
cc: (insert name of Landlord)
(insert name of Tenant)
*1065 Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar
The Florida Bar 1998
This form was completed with the assistance of:
Name:
Address
Phone Number

. The text of rule 10-2.1(a) was previously found at rule 10-1.1(b). The renumbering occurred in 1992 and became effective on January 1, 1993. Florida Bar re Amendment to Rules Regulating the Florida Bar, 605 So.2d 252, 427 (Fla.1992).